IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IBRAHIM BURIAH,**<br><br>             *Plaintiff,*<br><br>   vs.<br><br>**WYNDHAM HOTELS AND RESORTS** a/k/a **WYNDHAM INTERNATIONAL, INC.** a/k/a **WYNDHAM HOTELS CORPORATION,**<br><br>             *Defendant.* | Case No. 1:05CV01134 |

## DEFENDANT'S ANSWER TO COMPLAINT

WIPC, L.L.C.[1] ("Defendant") responds as follows to the Plaintiff's Complaint:

1.     Defendant admits that Plaintiff Ibrahim Buriah ("Buriah") is a forty-seven year old male. Defendant admits that Buriah was employed by Defendant at the Wyndham Washington, DC from April 19, 2001 until April 28, 2005. Defendant denies the remaining allegations of paragraph one.

2.     Defendant admits that WIPC, LLC is incorporated in Delaware. Defendant admits that its corporate headquarters are located at 1950 Stemmons Freeway, Suite 6001, Dallas TX 75207. Defendant admits the allegations in the second sentence of paragraph 2 of the Complaint. Defendant denies the allegations in the third and fourth sentences of paragraph 2 of the Complaint. Defendant admits the allegations of the fifth sentence of paragraph 2 of the Complaint.

3. The allegations in paragraph 3 of the Complaint are a characterization of the action to which no response is necessary. To the extent a response is necessary, the allegations of paragraph 3 of the Complaint are denied.

4. Defendant admits that this Court has jurisdiction under 28 U.S.C. § 1331. Defendant denies the remaining allegations of paragraph 4.

5. Defendant admits that venue in this District is proper under 28 U.S.C. § 1391(b). Defendant denies the remaining allegations of paragraph 5.

6. Defendant denies the allegations of paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff was suspended on April 26, 2005. Defendant denies the remaining allegations of paragraph 7 of the Complaint.

8. Defendant denies the allegations of paragraph 8 of the Complaint.

9. Defendant admits that the Wyndham International Employee Handbook states that the company prefers an approach to discipline which calls for corrective action before more serious forms of discipline become necessary. Defendant admits that the Wyndham International Employee Handbook states that "[c]orrective counseling will generally consist of progressive steps of verbal counseling and written disciplinary warnings." Unless expressly admitted, Defendant denies the allegations of paragraph 9 of the Complaint. Defendant avers that the Wyndham International Employee Handbook states that "[s]erious misconduct may require more immediate or final action, including termination of employment," and that "[t]he Company reserves the absolute right to initiate the form of discipline it deems appropriate."

---

[1] Plaintiffs incorrectly named Wyndham Hotels and Resorts a/k/a/ Wyndham International, Inc. a/k/a Wyndham Hotels Corporation as their employer. WIPC, L.L.C., a wholly owned subsidiary of Wyndham International, Inc., was Plaintiffs' employer and is the proper Defendant in this case.

10. Defendant denies the allegations of paragraph 10 of the Complaint.

11. Defendant denies the allegations of paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations of paragraph 13 of the Complaint.

14. Defendant denies the allegations of paragraph 14 of the Complaint.

15. Defendant denies the allegations of paragraph 15 of the Complaint.

16. Defendant incorporates by reference each and every response set forth above and denies the allegations of paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint and the WHEREFORE section following it.

19. Defendant incorporates by reference each and every response set forth above and denies the allegations of paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint and the WHEREFORE section following it.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Court lacks jurisdiction over the subject matter of the Complaint to the extent that Plaintiffs have failed to satisfy each and every procedural prerequisite of their claims.

## THIRD DEFENSE

The Plaintiffs' claims are time-barred in whole or in part.

## FOURTH DEFENSE

Plaintiffs are barred from recovering damages to the extent that they have failed to mitigate their damages.

## FIFTH DEFENSE

Plaintiffs are not entitled to punitive damages, to the extent that such damages are sought, because Defendant did not act with malice toward Plaintiffs or with reckless indifference to their rights, and at all times, *inter alia,* made good faith efforts to prevent discrimination in the workplace.

                                               /s/
Michael J. Murphy, DC Bar # 421287
Rafael Morell, DC Bar # 463788
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2400 N Street, N.W., Fifth Floor
Washington, DC 20037
Tel: (202) 887-0855
Fax: (202) 887-0866

*Counsel for Defendant*